IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTIAN MEHRER, #A1010119, ) | NO. 1:12-cv-00540 SOM/KSC |
| ) | |
| Plaintiff,   ) | ORDER DENYING MOTION FOR REMAND |
| ) | AND DISMISSING ACTION WITHOUT |
| vs.   ) | PREJUDICE |
| ) | |
| DEP'T OF PUBLIC SAFETY,   ) | |
| SHARI KIMOTO, JOHN IOANE,   ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

**ORDER DENYING MOTION FOR REMAND AND
DISMISSING ACTION WITHOUT PREJUDICE**

On October 5, 2012, Defendants initiated this federal prisoner civil rights action by filing a Notice of Removal in this court pursuant to 28 U.S.C. § 1441(c).  ECF #10.  Pro se Plaintiff Christian Mehrer is a Hawaii prisoner incarcerated at the Saguaro Correctional Center (SCC), located in Eloy, Arizona. Before the court is Plaintiff's Motion in Opposition to Removal and to Remand Back To State Court ("Motion for Remand").  ECF #10.  For the following reasons, Plaintiff's Motion to Remand is DENIED, and this action is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997(e).

**I.   BACKGROUND**

Plaintiff originally filed this pleading in the state circuit court on July 18, 2012, as a post-conviction petition. *See* Defs.' Exh. A, "HRPP Rule 40(c)(2) Nonconforming Petition And (3) Separate Cause of Action, ECF #1-2.  Plaintiff alleges that

SCC prison officials denied him medical care for a hernia at the direction of Defendant Shari Kimoto and John Ioane, who are employed by the Hawaii Department of Public Safety in Hawaii. Plaintiff claims that he is in great pain and that SCC prison medical personnel refuse to provide him with surgery to alleviate his pain.  Plaintiff seeks monetary and injunctive relief.

Rule 40(c)(3) of the Hawaii Rules of Penal Procedure states: "If a post-conviction petition alleges neither illegality of judgment nor illegality of postconviction custody or restraint but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule." The state circuit court found that Plaintiff's putative post-conviction petition failed to assert a basis for habeas relief under HRPP Rule 40.  ECF #1-2, PageID #11-12; *see also*, HRPP 40(c)(3).  The state court recharacterized the post-conviction petition as a civil complaint and ordered that it be processed accordingly.  Defendant thereafter timely removed the action from the state court.  *See* ECF #1 & #8.

Plaintiff seeks remand to the state court, asserting that he "did not exhaust any administrative procedure i.e. grievances, therefore, under 42 U.S.C. § 1997e(a) [which] requires exhaustion, unless the defendants concedes [sic]

exhaustion requirements [Plaintiff] asks this court to remand this case back to State Court." Mot., ECF #10 PageID #86.

### III.  DISCUSSION

**A.  Plaintiff Asserts a Civil Rights Cause of Action**

Plaintiff is challenging the conditions of his confinement in Arizona, as imposed by SCC prison officials, not the validity of his conviction or sentence. Had Plaintiff originally filed this action in the federal court, it would have been construed as a civil rights complaint and reviewed under 42 U.S.C. § 1983, not as a petition for habeas corpus under 28 U.S.C. § 2254.

> Federal law opens two main avenues of relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement . . . are the province of habeas corpus[;] . . . requests for relief turning on circumstances of confinement may be presented in a § 1983 claim.

*Muhammad v. Close*, 540 U.S. 749, 749 (2004). Thus, claims that challenge the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while claims that challenge the conditions of confinement should be addressed by filing a civil rights action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison

condition would not necessarily shorten the prisoner's sentence").

While Plaintiff's claims may or may not have merit in a civil rights proceeding, the relief available through a petition for habeas corpus (in state or federal court) does not extend to his claim that SCC prison officials denied him medical care in Arizona. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus).

Plaintiff argues that the reason he brought this action in state court is that he has not complied with 42 U.S.C. § 1997e's rule that a prisoner must exhaust prison administrative grievances on his claims before filing suit in federal court. Plaintiff claims that, because he did not exhaust his claims through the SCC prison grievance procedure, he is precluded from proceeding in the federal court, and therefore, his "case does not come within the meaning of a [§] 1983" action. Mot., ECF #10 at PageID #86. Plaintiff invites Defendants or the court to "waive" his exhaustion requirements, asserting that he will then happily proceed in this court.

In raising the exhaustion issue, Plaintiff is getting ahead of himself. The court begins by examining the nature of a case before turning to matters such as exhaustion. If

4

Plaintiff's allegations do not present a legitimate challenge to his conviction or sentence, then the action cannot be brought under HRPP 40 or 28 U.S.C. § 2254.  A failure to exhaust does not alter the nature of an action.  In either state or federal court, Plaintiff's case must be reviewed as a civil rights action. Plaintiff's purposeful filing of his pleading in state court, particularly in light of his admitted awareness of the exhaustion requirement, appears to be an attempt to circumvent the restrictions federal law imposes on prisoner filings.

Success on Plaintiff's claims will not result in his immediate or speedier release from confinement.  At most, success will result in proper medical care for Plaintiff and a monetary award; it will not invalidate any conviction or sentence.  As Plaintiff challenges events relating to the conditions, not the validity, of his confinement, his allegations are actionable in federal court under 42 U.S.C. § 1983, not under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

**B.   Removal Was Proper**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has original

jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Because Plaintiff alleges federal constitutional violations in his pleading, subject matter jurisdiction is proper in federal court.  Further, to the extent Plaintiff asserts state law claims, which is unclear from his pleading, a federal court may exercise supplemental jurisdiction over any closely related state law claims.  *See* 28 U.S.C. § 1367(c).

Plaintiff's pleading facially supports subject matter jurisdiction in federal court because he alleges a violation of his federal constitutional rights.  *See* 28 U.S.C. §§ 1441, 1442.  Defendants timely removed this action from state court within thirty days of receiving notice of the filing of this action.  28 U.S.C. § 1446(b).  Because the case was properly removed to federal court, Plaintiff's Motion for Remand is DENIED.

**C.   Plaintiff Failed to Comply With 42 U.S.C. § 1997e(a)**

A prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted.  42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005).  Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v.*

*Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules and following the steps set out in the grievance procedure. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Exhaustion must precede the filing of a complaint, and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Porter*, 534 U.S. at 524.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust when the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120; see also *Jones v. Bock*, 549 U.S. 199, 215 (2007), *citing with approval Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)); *Bowden v. Gregoire*, 436 Fed. App'x 795 (9th Cir. 2011) (citing *Wyatt* and affirming dismissal of prisoner complaint that conceded exhaustion).

Plaintiff admits in his Motion for Remand that he has not completed SCC's grievance process. Moreover, exhibits attached to Plaintiff's Complaint show that SCC medical personnel evaluated Plaintiff for hernia surgery at least three times during May and June 2012 and determined that surgery was not necessary. *See* ECF #1-2 PageID #9. On July 5, 2012, Defendant Ioane advised Plaintiff to use the prison grievance procedure to address his complaints. *Id.* Instead, just seven days later, Plaintiff signed his Complaint and sent it to the state court. Plaintiff could not have fully exhausted his claim within seven days. The record here is clear that Plaintiff did not exhaust his claims before filing suit, there are no disputed issues of fact concerning exhaustion, and no exception to exhaustion is alleged or apparent in the Complaint or in Plaintiff's statements. Because Plaintiff admits he has failed to exhaust his administrative remedies prior to bringing this action, it must be dismissed without prejudice.

### III. CONCLUSION

Plaintiff's Motion for Remand is DENIED. This action is DISMISSED without prejudice based on Plaintiff's admitted failure to exhaust available prison administrative remedies. All pending motions are DENIED. The Clerk of Court is DIRECTED to close the file and enter judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 19, 2012.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Mehrer v. Dep't. of Public Safety, et al.,* 1:12-cv-00540 SOM-KSC; ORDER DENYING MOTION FOR REMAND AND DISMISSING ACTION WITHOUT PREJUDICE; G:\docs\prose attys\Screening\DMP\2012\Mehrer 12cv540 som (remov'l, no remand, states no exhaustion).wpd